WENTWORTH NURSING CENTER *et al.*, Plaintiffs-Appellants, v. THE DIRECTOR OF THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 1—87—1114 through 1—87—1116 cons.

Opinion filed August 30, 1989.—Rehearing denied October 4, 1989.

Janet L. Hermann, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Valerie Peiler, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Wentworth Nursing Center, Heather Manor, Inc. and Hoardwood, Inc., d/b/a Ora G. Morrow Nursing Home (the Care Facilities), appeal from an order of the circuit court affirming the administrative decision of defendant, Illinois Department of Revenue (Department), which assessed service occupation taxes, regional transportation authority service occupation taxes, municipal service occupation taxes and use taxes on portions of patient care services paid from private funds on behalf of patients at the above-mentioned long-term care facilities. We affirm.

The Care Facilities are skilled nursing facilities licensed by the State of Illinois. The Care Facilities contracted to provide services under Title XIX of the Social Security Act through the Illinois Department of Public Aid. In 1983, a Department agent audited the records of the Care Facilities. The auditor determined that certain patients in the Care Facilities received funding from both the Department of Public Aid and private sources such as social security or pension funds. The auditor further determined that the Care Facilities had not paid taxes on the food and medicine purchased for those patients from private funds. Because goods purchased with private funds are not tax exempt, the auditor calculated the amount of goods and services paid for with private patient funds and issued notices of tax lia-

bility, assessing taxes on those purchases under the service occupation taxes and use taxes for prior years.

The Care Facilities challenged the tax assessment and an administrative hearing was conducted. The hearing officer affirmed the Department's finding and recommended that the notices of tax liability be finalized. The Care Facilities then sought administrative review in the circuit court. The circuit court affirmed the decision of the Department and this appeal followed.

■ On appeal, the Care Facilities initially argue that the Department improperly assessed retailers' occupational taxes on the distribution of food to medicaid patients. Because their contention is based on an inaccurate summary of the evidence, we disagree.

The notices of tax liability prepared by the Department and issued to the Care Facilities clearly indicate that the taxes were assessed under the service occupation tax, municipal service occupation tax, regional transportation authority service occupation tax, and use tax. Therefore, the Care Facilities' contention that they were improperly assessed retailers' occupational taxes on the distribution of food is unsupported by the record and without merit.

The Care Facilities next argue that the Department improperly assessed service occupation, municipal service occupation, regional transportation authority service occupation, and use taxes on the purchase of food and medicine for medicaid patients. It is the Care Facilities' contention that because the patients involved receive payments from the Illinois Department of Public Aid as well as private sources, such as social security, they are exempt from payment of taxes on all purchases in the same manner as patients who receive only Public Aid funds. We disagree.

■ It is undisputed that the assessment of service occupation, municipal service occupation, regional transportation authority, service occupation and use taxes on privately funded purchases of food and medicine made by patients residing in the Care Facilities is statutorily authorized. (Ill. Rev. Stat. 1985, ch. 120, par. 439.103; Ill. Rev. Stat. 1985, ch. 24, par. 8—11—5; Ill. Rev. Stat. 1985, ch. 111²/₃, par. 704.03(f); Ill. Rev. Stat. 1985, ch. 120, pars. 439.3, 439.32.) It is also agreed that the purchase of food and medicine on behalf of Care Facilities patients made with Illinois Department of Public Aid funds is tax exempt. These transactions are exempt from taxation because they are considered sales or transfers which are incidental to the rendering of service for or by a governmental body. In sum, the State has made a policy decision not to tax disbursements of State funds. (Ill. Rev. Stat. 1985, ch. 120, par. 439.102; Ill. Rev. Stat. 1985, ch. 24,

par. 8—11—5; Ill. Rev. Stat. 1985, ch. 111⅔, par. 704.03(f); Ill. Rev. Stat. 1985, ch. 120, pars. 439.3, 439.32.) However, the parties disagree on whether or not the Care Facilities' patients who receive a portion of their income from the Department of Public Aid and a portion from social security or other private sources can be taxed on the portion of services purchased with social security or other private funds.

The Care Facilities incorrectly claim that because patients receive some Public Aid funds, all of their purchases, including those made with private funds, are tax exempt. There is no legal support for this assertion. To the extent that the Care Facilities' patients are paying for the cost of their care from private funds, that portion of their care cannot be interpreted as a rendering of service for or by a governmental body. Thus, the purchases made by the Care Facilities' residents with private funds do not fall within the parameters of an allowable tax exemption. The Care Facilities also contend that social security retirement funds like Public Aid funds are government funds and thus are tax exempt. This contention is likewise unsupported. Although social security retirement funds, along with all State, municipal and military pension payments, are funds paid by a governmental agency, they are accumulated as a result of employee/employer contributions. Moreover, the Care Facilities' contention must fail because there is no demonstrated legislative intent to exempt from taxation every sale of service involving the transfer of personal property to all retired government workers, retired veterans or social security pensioners.

In sum, because one claiming exemption from taxation has the burden of proof and tax exemptions are strictly construed in favor of taxation, we find that the Care Facilities have failed to overcome the presumption against the tax exemption. (*United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446, 455-56, 419 N.E.2d 899, 904.) We therefore conclude that the trial court did not err in affirming the decision of the Department which assessed service occupation, regional transportation authority service occupation, municipal service occupation and use taxes on food and medicine purchased by the Care Facilities' patients with private funds.

■ Finally, the Care Facilities argue that the Department improperly computed the formula used to determine the assessed taxes. Specifically, the Care Facilities assert that the Department erred in failing to deduct from patient paid funds the $25 per month which each patient retains for personal use. We disagree.

The Department auditor testified that she computed the tax as-

sessment by using the Care Facilities' records to determine which portions of the patient's costs were paid by Public Aid and which were paid from the patient's own funds. Once she obtained this information, the auditor calculated the percentage of costs paid with private funds. The auditor then subtracted the daily cost of patient food from the total daily costs and applied the percentage to reach the total amount of services on which taxes were assessed.

The Care Facilities argue that because the Department failed to subtract the $25 per month that each patient retained to make miscellaneous personal expenditures, the entire computation is flawed. However, the record in this matter is insufficient to support the Care Facilities' contention. While the Department auditor testified that patients receiving social security funds each retain $25 per month for personal use, she also testified that the social security funds were mailed to the patients in care of the Care Facilities and issued to the patients before being transferred to the Care Facilities to pay for services. Because there was no evidence that the patients paid over their entire social security or pension check to the Care Facilities and later received a refund of funds not expended, there is no reason to believe that the failure to deduct the $25 personal allowance would in any way affect the formula used by the Department to calculate the tax assessment. Therefore, we find that the trial court did not err in affirming the Department's computation of the Care Facilities' tax liability.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

FREEMAN, P.J., and WHITE, J., concur.